**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

2007 AUG 14  A 10: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| **DANIEL L. CASHER,** | ) |
| | ) **CASE NUMBER** 1:07-CV-727-MEF |
| **PLAINTIFF,** | ) **JURY DEMAND** |
| | ) |
| **VS.** | ) |
| | ) |
| **MIDLAND CREDIT MANAGEMENT, INC., a** | ) |
| **subsidiary of ENCORE CAPITAL GROUP,** | ) |
| **INC.,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT

### I. INTRODUCTION

1.  This is a Complaint for statutory damages brought by the Plaintiff, Daniel L. Casher, against the Defendant, Midland Credit Management, Inc. a subsidiary of Encore Capital Group, Inc. for violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION AND VENUE

2.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1331and pursuant to 15 U.S.C. §1692k(d). Venue before this Court is proper pursuant to 28 U.S.C. §1409.

3.  This action arises out of the Defendants' violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. §1692, et seq.

4.  Venue before this Court is proper in that the actions and transactions occurred here, the Plaintiff resides here and the Defendant transacted business here.

### III. PARTIES

5.  The Plaintiff, Daniel L. Casher (hereinafter "Casher"), is a resident citizen of the State of Alabama, and is over the age of 21 years old.

6.  The Defendant, Midland Credit Management, Inc. a subsidiary of Encore Capital Group, Inc. (hereinafter "Midland"), is a purchaser and manager of charged-off consumer receivable portfolios and provider of bankruptcy services to the finance industry with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 82123. The Defendant's principal purpose is to collect debts using the mail and telephone.  The Defendant regularly attempts to collect debts alleged to be due another.

7.  The Defendant, Midland, is a debt collector as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

8.  The alleged debt was for personal, family or household purposes.

### IV. FACTUAL ALLEGATIONS

9.  On or about April 21, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a

debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "A".)

10. On or about May 26, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "B".)

11. On or about June 30, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "C".)

12. On or about August 4, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "D".)

13. On or about September 8, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "E".)

14. On or about October 13, 2006, Defendant, Midland, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to

collect a debt as that term is defined by 15 U.S.C. §1692(a)(2). (A copy of said statement is attached hereto as Exhibit "F".)

15.   Each dunning letter from April 21, 2006 through October stated:

> "This letter is to inform you that Midland Credit Management, Inc. is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt."

> "Please contact our office immediately at (800)939-2353 to make arrangements to pay this debt and prevent any legal action on your account."

16.   During the course of receiving the statements from Midland, Plaintiff has received numerous phone calls from representatives of Midland attempting to collect said debt.  During the course of these conversations, the Plaintiff disputed the debt and denied ever owing the debt.

17.   On or about August 15, 2006, Plaintiff received a phone call from a collector identifying himself as Mark.  During the course of the conversation, Plaintiff disputed the debt was his and that he ever had the credit card. Plaintiff repeatedly asked the collector not to call him or to report the debt on his credit report. Mark stated "We're not ever gonna stop calling you".

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18.   Plaintiff adopts and incorporates paragraph 1 through 17 as if fully set out herein.

19.   The Defendant violated 15 U.S.C. §1692e(5) by threatening to take action which could not legally be taken or that was not intended to be taken.

20.   The Defendant violated 15 U.S.C. §1692e(10) by using false, deceptive, or misleading representation or means in attempt to collect an alleged debt.

21.   The Defendant violated 15 U.S.C. §1692e(2) by giving a false representation of the character, amount or legal status of any debt.

22.   The Defendant violated 15 U.S.C. §1692(d) through its conduct, the natural consequence of which was to harass, oppress or abuse the Plaintiff.

23.   The Defendant's violation of 15 U.S.C. §1692, *et seq* renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests this Honorable Court enter judgment against the Defendant, Midland, for the following:

a)   Actual damages;

b)   Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k;

b)   Costs and reasonable attorney fees pursuant to 11 U.S.C. §362(k)(1) and 15 U.S.C. §1692K; and

c)   For such other and further relief as is just and proper.

Respectfully submitted this _13th_ day of _August_, 2007.

ESPY, METCALF & ESPY, PC

_____

Cameron A. Metcalf
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama   36302-6504
(334) 793-6288
(334) 712-1617 Fax
Email:  cam@emppc.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ALABAMA        )
COUNTY OF HOUSTON       )

       Daniel Casher, having first been duly sworn and upon oath, deposes and says as follows:

1.     I am a Plaintiff in this Civil proceeding.

2.     I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5.     I have filed the civil Complaint in good faith and solely for the purposes set forth in it.

_____
Daniel Casher

Subscribed and sworn to before me
this 13th day of August, 2007.

_____
Notary Public
My Commission expires: 6/28/2011